UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13 CR 00010 ERW SPM |
| ) | |
| ERIC HINSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ERIC HINSON'S OBJECTIONS
TO PRE-SENTENCE INVESTIGATION REPORT**

COMES NOW Defendant Eric Hinson ("Mr. Hinson"), by and through his undersigned attorneys, Catherine L. Hanaway and Jeffrey B. Jensen, and for his Objections to Presentence Investigation Report ("the Report"), states as follows:

### I.  FACTS

On March 28, 2013, the United States filed the Report. On May 10, 2013, Mr. Hinson sent correspondence to Probation Officer Ryan Wilke seeking to resolve certain matters without the need for filing objections to the Report. Having been unsuccessful, Mr. Hinson files these objections. For ease of reference, Mr. Hinson outlines for the Court the specific paragraphs he believes are at issue.

Mr. Hinson believes the conclusion contained in ¶81 that the restitution should lie in this matter in the total amount of $782,511 is in error. ¶81 states, in pertinent part:

> As to Count 1, the restitution provisions of 18 U.S.C. § 3663A apply in this case. As to Counts 2 through 6, restitution is discretionary as a condition of supervision. Restitution in the total amount of $782,511, as set forth below, is due and owing to the following victims: (1) Internal Revenue Services— $153,353, (2) St. Clair County Fire District—$529,158, and (3) Glatfelter Claims Management—$100,000.

For purposes of clarity, the Report arrives at these amounts by first considering the funds Mr. Hinson allegedly misappropriated from the St. Clair County Fire District ("St. Clair"), $593,236.42. Report ¶ 7. As this Court is aware, a preliminary money judgment was entered against Mr. Hinson in this amount on March 4, 2013. Report ¶ 7. Mr. Hinson has produced a check in this amount and tendered it to the United States Attorney's Office as his restitution in this matter.

The Report indicates Mr. Hinson caused St. Clair to incur accounting and legal fees in the amount of $35,922. Report ¶ 23. The Report indicates this is properly includable as restitution, for a total loss to St. Clair of $629,158, less $100,000 it was compensated by insurance. Upon further discussion with Mr. Wilke, the undersigned counsel believes the amount St. Clair incurred in accounting and legal fees has been reduced to no more than $34,562.38, for a total loss caused to St. Clair of at most $627,798.80.

Mr. Hinson disputes the Report's inclusion of his alleged tax liability as properly includable as restitution in this matter. The Report indicates his tax liability to be $153,353. Report ¶ 23. Upon information and belief, the Probation Office's recommended restitution for Mr. Hinson will thus be no more than $781,151.80. Mr. Hinson respectfully requests this Court decline to award restitution for this tax liability, and instead requests restitution be ordered in a dollar amount not to exceed $627,798.80. The government does not oppose this request. Alteration of this restitution amount may also have implications for of ¶¶ 7,[1] 23,[2] and 83.[3]

---

[1] ¶7 states, in pertinent part: "In addition, the defendant consents to the entry of a money judgment against the defendant and in favor of the United States in an amount of restitution related to Count 1 of the Indictment as determined by the Court at sentencing."

[2] ¶23 states, in pertinent part: "[T]he victims in the instant offense are the St. Clair Fire Protection District and the Internal Revenue Service, who suffered a total loss of $782,511. The total tax loss suffered by the IRS, $153,353, does not include any interest or penalties. In addition, the total amount of loss suffered by St. Clair Fire District includes $593,236 in misappropriated funds and $35,922 in

## II.     ANALYSIS

**A.     The Report Improperly Includes Mr. Hinson's Potential Tax Liability as Restitution**

For the reasons stated below, the proper valuation of Mr. Hinson's restitution in this matter is at most $627,798.80, which represents the outer limit of the loss caused to St. Clair, in the event the Court finds the accounting and legal fees paid to investigate the instant offense proven by a preponderance of the evidence. In the event the Court determines these fees have not been proven by a preponderance of the evidence or are otherwise not properly includable as restitution, the proper valuation of Mr. Hinson's restitution in this matter is at most $593,236.00.

"Restitution is designed to make victims whole, not to punish perpetrators; it is essentially a civil remedy created by Congress and incorporated into criminal proceedings for reasons of economy and practicality." *United States v. Carruth*, 418 F.3d 900, 904 (8th Cir. 2005). "Federal courts may order restitution only when explicitly empowered to do so by statute," *United States v. Yielding*, 657 F.3d 688, 718 (8th Cir. 2011), citing *United States v. Balentine*, 569 F.3d 801, 802 (8th Cir. 2009), and 18 U.S.C. § 3663A(c)(1)(A)(ii) mandates restitution for "offense[s] against property under this title [Title 18]." With regard to restitution, the government must prove "'the amount of the loss sustained by [the] victim as a result of the offense' by a preponderance of the evidence." *United States v. Chalupnik*, 514 F.3d 748, 754 (8th Cir. 2008) (quoting 18 U.S.C. § 3664(e)). "Therefore, restitution, at least in theory, 'tracks the recovery to which the victim would have been entitled in a civil suit against the criminal.'" *Id.* at 753, citing *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000).

---

accounting and legal fees paid to investigate the instant offense. St. Clair Fire District was compensated $100,00 by Glatfelter Claims Management."

[3] ¶83 states, in pertinent part: "Pursuant to Rule 32.2 or other provision of law, the government intends to seek forfeiture of non-specified items seized during the investigation into the instant offense. In addition, the defendant consents to the entry of a money judgment against the defendant and in favor of the United States in an amount of restitution related to Count 1 of the Indictment as determined by the Court at sentencing."

"An award of restitution greater than a victim's actual loss exceeds the MVRA's statutory maximum." *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012). Excessive restitution awards "cannot be excused by harmless error; every dollar must be supported by record evidence." *Id.* at 323. In *Sharma*, the Fifth Circuit held that by "directly incorporating the amounts from the victim impact statements into the PSRs as actual losses [without scrutinizing them], the Probation Office went astray." *Id.*

Here, assuming the government proves the legal and accounting fees paid to investigate Mr. Hinson's offense by a preponderance of the evidence, which upon information and belief is now no more than $34,562.38, the proper restitution in this matter is no more than $627,798.80, which takes into account the $100,000 paid by Glatfelter Claims Management. If $34,562.38 is not proven by a preponderance of the evidence or is otherwise not includable as restitution, the proper valuation of Mr. Hinson's restitution in this matter is $593,236.00.

The alleged tax liability of $153,353 is not properly includable as restitution in this matter because it may not be proven by a preponderance of the evidence. As indicated, restitution is recognized in the Eighth Circuit as being civil, or compensatory, in nature. *See, e.g., Carruth*, 418 F.3d at 904. Mr. Hinson's restitution will be largely tax deductible. *Cavaretta v. Commissioner*, T.C. Memo 2010-4, 2010 WL 23331, at *5-6 (U.S. Tax. Ct. 2010); *see also Stephens v. Commissioner*, 905 F.2d 667 (2d Cir. 1990); *Spitz v. United States*, 432 F.Supp. 148 (E.D. Wis. 1977). The accounting treatment Mr. Hinson's restitution is afforded will likely be complex and turn on the specific years in which his conduct occurred. As such, simply "incorporating the amounts from the victim impact statements into the PSRs as actual losses," *Sharma*, 703 F.3d at 323, would be erroneous, and in any event it would not meet the government's obligation to prove this restitution by a preponderance of the evidence. *Chapulnik*,

4

514 F.3d at 754. To reiterate, the government has no objection to the Court excluding this alleged tax liability of $153,353 from Mr. Hinson's restitution in this matter and instead deferring the matter to IRS civil enforcement.

**B.     Mr. Hinson Objects to Inclusion of Investigation and Legal Fees Unless Proven By a Preponderance of the Evidence to Have Resulted from Mr. Hinson's Conduct.**

To obtain a restitution award, the government must prove "'the amount of the loss sustained by [the] victim as a result of the offense' by a preponderance of the evidence." *Chalupnik*, 514 F.3d at 754. "An award of restitution greater than a victim's actual loss exceeds the MVRA's statutory maximum." *Sharma*, 703 F.3d at 322. Excessive restitution awards "cannot be excused by harmless error; every dollar must be supported by record evidence." *Id.* at 323.

The Report indicates Mr. Hinson caused St. Clair to incur accounting and legal fees in the amount of $35,922. Report ¶ 23. As indicated, the undersigned counsel has spoken with Mr. Wilke subsequent to the Report's issuance and believes this amount has been reduced to no more than $34,562.38. The undersigned counsel sought clarification of this amount, and learned $33,589.13 is attributable to the accounting firm St. Clair hired to perform a forensic audit, BKD. On May 15, 2013, Mr. Wilke was able to obtain from St. Clair the underlying bills from BKD to St. Clair. Upon inspection of these documents with Mr. Wilke on May 16, 2013, the invoices provided by St. Clair or BKD contain very large dollar amount charges unsupported by itemized narrative entries that would establish the work done necessarily resulted from Mr. Hinson's actions.[4] To the extent the government is unable to prove by a preponderance of

---

[4] Examples of large recent invoices includes: (1) $1,474.20 on 3/27/12, (2) $2,566.20 on 4/24/12, (3) $9,170.20 on 7/10/12, and (4) $1,240.20 as recently as 3/15/13.

the evidence every dollar of this alleged loss, Mr. Hinson objects to its inclusion as restitution in this matter but also believes this objection will likely be resolved before sentencing.[5]

### III. CONCLUSION

Mr. Hinson objects to inclusion of his alleged tax liability as restitution in this matter. The Eighth Circuit recognizes that restitution is a statutory remedy, and Courts have no authority to issue restitution in an amount exceeding a victim's loss. Inclusion of Mr. Hinson's alleged tax liability as restitution in this matter is improper, as this amount hinges on complex accounting principles beyond the scope of these proceedings. More specifically, Mr. Hinson contends much of this restitution amount will be tax deductible. Mr. Hinson also objects to inclusion of St. Clair's accounting and legal fees to the extent they are not supported by record evidence.

Accordingly, Mr. Hinson requests this Court to issue restitution in an amount not to exceed $627,798.80.

WHEREFORE, Mr. Hinson having unsuccessfully attempting to resolve these disputes with the Probation Office on an informal basis, respectfully requests that this Court sustain his objections to the Report and issue restitution in an amount not to exceed $627,798.80.

---

[5] Mr. Hinson brings one additional potential objection to the Court's attention. Counsel for Mr. Hinson has been unable to obtain records for one particular credit card account, xxxx-xxxx-xxxx-0207. This account, upon information and belief, is included as part of the PSR's alleged total misappropriated funds of $593,236.42. Counsel believes this card may have been in the possession of the previous St. Clair fire chief, and thus expenditures made on this account should not be included as loss caused by Mr. Hinson. Counsel believes the Probation Office will work in good faith with him to resolve this matter, and so he does not raise an objection at this time. Counsel may seek leave to file an additional objection if this matter is not resolved informally.

Respectfully submitted,

ASHCROFT HANAWAY, LLC

*s/Catherine L. Hanaway*
Catherine L. Hanaway, #41208MO
222 S. Central Ave., Suite 110
St. Louis, MO  63105
Phone: (314) 863-7001
Fax: (314) 863-7008
CHanaway@ashcroftlawfirm.com

JENSEN, BARTLETT & SCHELP, LLC

*s/Jeffrey B. Jensen*
Jeffrey B. Jensen, #46745MO
222 S. Central Avenue, Suite 110
St. Louis, MO 63105
Telephone: (314) 725-3939
Facsimile: (314) 725-5595
E-Mail:  JJensen@jbslawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing upon all interested parties.

*s/ Jeffrey B. Jensen*
JEFFREY B. JENSEN, #46745MO
Attorney for Defendant
