UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:13 CR 00010 ERW |
| vs. ) | |
| ) | |
| ERIC HINSON, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE
DISCLOSURE PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, for its Response to Defendant's Objections to the Disclosure Presentence Investigation Report (PSR), states to this Honorable Court as follows:

Defendant's objections solely address the PSR's calculations of victim restitution. Initially, defendant objects to inclusion of defendant's tax liability to the Internal Revenue Service (IRS) in the amount of $153,353.00. While both parties agree that amount should be included as loss for relevant conduct purposes, the government agrees with defendant *in this case* that the amount should not be included for restitution purposes. Here, defendant wishes to raise a legal and factual argument with the IRS relative to the amount of taxes which will ultimately be due and owing based upon the fact that defendant is paying, at the time of his sentencing, some portion of restitution for his fraud offense to the victim Fire District. Whether or not the payment of restitution for the fraud offense in this criminal case will ultimately reduce defendant's tax liability to the IRS is not a question this Court can answer at this time, as it will require the IRS to apply its rules, regulations,

1

and precedential determinations. While the government does not suggest that defendant will prevail in his argument before the IRS, the government has agreed to allow defendant to raise that argument as he sees fit in a separate IRS regulatory proceeding subsequent to the conclusion of his instant criminal case. Thus, based upon the fact that defendant wishes to preserve his legal argument before the IRS, the government agrees that restitution to the IRS should not be included in this Court's ultimate restitution order in the instant criminal case.

Defendant next objects to including in the PSR restitution for the victim Fire District's legal and accounting costs incurred as a result of defendant's criminal offense conduct. Defendant's objection in this regard is without merit. Upon discovery of defendant's criminal conduct, the victim Fire District engaged the BKD accounting and audit firm to conduct a Fraud Investigation. The sole reason for the hiring of BKD was the discovery of defendant's apparent fraudulent conduct. BKD conducted a thorough Fraud Investigation, which results were provided to federal law enforcement and served as the basis for the subsequent law enforcement investigation and ultimately the charges against defendant and defendant's guilty plea to those charges. BKD submitted invoices totaling $33,589.13 to the Fire District relative to its Fraud Investigation. Furthermore, the Fire District retained the services of the law firm Baylord, Billington & Dempsey specifically in conjunction with the investigation of defendant's fraudulent conduct. That law firm billed the Fire District $923.25 relative to its work in conjunction with the fraud investigation. Finally, the Fire District was required to retain the services of a computer services company, Net Engineers, in order to lock defendant out of the District's accounting system once the apparent fraud was discovered. This was particularly necessary as defendant continued to access the District's computer based accounting system even after his fraud was discovered. Net Engineers billed the District $50.00 for those

services. Thus, the total amount incurred by the Fire District for accounting and legal services directly related to the defendant's fraudulent conduct was $34,562.38.

United States Probation has provided defense counsel with all invoices relative to the billings from BKD, Baylord, Billington & Dempsey, and Net Engineers which were included in the $34,562.38 amount for restitution purposes. As defendant is aware, appropriate representatives of the Fire District have advised both United States Probation and the government that these charges were incurred *solely* as a result of defendant's fraudulent conduct. Despite this substantial evidence, to which defendant has no evidence to the contrary, defendant has raised the instant objection.

The Mandatory Victims Restitution Act, Title 18 U.S.C. Section 3663A(b)(4) requires, in a fraud case such as this, that the Court's order of restitution reimburse the victim for "other expenses incurred during participation in the investigation or prosecution of the offense...." This includes legal and accounting costs incurred by a fraud victim investigating the apparent fraudulent conduct. *United States v. Brown*, 150 Fed. Appx. 575, 576, 2005 WL 2348481 (8th Cir. 2005); *United States v. Piggie*, 303 F.3d 923, 928 (8th Cir. 2002); *United States v. Hosking*, 567 F.3d 329, 332 (7th Cir. 2009). In the instant case, the Fraud Investigation conducted by BKD at the request of the Fire District, along with the counsel of the retained law firm, was an extremely important part of the overall investigation, and provided federal law enforcement with substantial evidence of the fraudulent conduct and of the amount stolen, embezzled, and diverted by defendant Hinson. Here, these expenses are clearly associated with the investigation and prosecution of defendant, and they should be included in this Court's ultimate restitution order. Likewise, the cost incurred by the victim Fire District to lock defendant out of its computer based accounting system so that defendant could not continue his fraudulent conduct should be included in the restitution order. Defendant's

objection on this point should be overruled and denied, and $34,562.38 should be included as part of this Court's ultimate restitution order.

                    Respectfully submitted,

                    RICHARD G. CALLAHAN
                    United States Attorney

                    *s/Hal Goldsmith*
                    HAL GOLDSMITH #62501
                    Assistant United States Attorney
                    111S. 10th Street, Room 20.331
                    St. Louis, Missouri 63102
                    (314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

JEFREY B. JENSEN
Jensen, Bartlett & Schelp, LLC
and
CATHERINE L. HANAWAY
Ashcroft Hanaway, LLC
222 S. Central Ave., Suite 110
Clayton, MO 63105

                    /s/ *Hal Goldsmith*
                    HAL GOLDSMITH
                    Assistant United States Attorney

Case: 4:13-cr-00010-ERW   Doc. #:  32   Filed: 05/22/13   Page: 5 of 5 PageID #: 111