UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:13 CR 00010 ERW |
| vs. | ) | |
| | ) | |
| ERIC HINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through Richard G. Callahan, United States

Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney

for said District and, and for its Sentencing Memorandum, states to this Honorable Court as follows:

1.      By any standard or measure, defendant Eric Hinson's criminal conduct calls for a

lengthy and significant prison sentence.  Application of the United States Sentencing Guidelines

here advises a sentence of 33 to 41 months' imprisonment.  Anything less would ignore the extent

of defendant's criminal conduct and the substantial harm defendant's conduct caused to the public.

2.      Title 18, United States Code, Section 3553(a) sets out the factors this Court should

consider in fashioning an appropriate sentence.  The first such factor to be considered is the nature

of the offense, 18 U.S.C. 3553(a)(1).  In this case, after working for many years as a firefighter,

defendant was appointed as a Board Director in 1997, and as the Board Treasurer during 1999, of

the St. Clair Fire Protection District.  He was also appointed Chief of the Fire District during

January, 2011, while continuing to maintain his position as Treasurer of the Board.  As a member

of the Board of Directors and Treasurer of the Board, defendant was charged with overseeing  the

operations of that publicly funded Fire District. No decisions of any import were made regarding the Fire District except upon defendant's review, direction and authorization, including, and perhaps most importantly, all decisions relative to the Fire District's finances. Defendant had signature authorization on the District's financial accounts, and was provided a District issued credit/debit card to be used for legitimate District business. The District operated entirely through public funding. Defendant was paid in his various positions as Board member, Treasurer, and Chief. Because of his long tenure with the Fire District, and the various positions of authority he held, defendant was trusted and relied upon by the other members of the Board, by the firefighters, and by the many citizens served by the Fire District. Defendant abused his position of trust for the past many years as the Fire District's Director, Treasurer, and Chief by stealing and embezzling District funds for his own personal use. Defendant stole District funds in order to pay for vacation travel to Florida and Hawaii; for significant amounts of jewelry, sports equipment, and entertainment expenses; for furniture and other living expenses; for personal credit card bills, clothing, and other items; and for the purchase of a personal truck. Over a period of eight years, defendant stole and embezzled approximately $600,000 of public funds through his criminal scheme.[1] Because of his criminal conduct, those public funds were not available to the District for much needed personnel, equipment purchases, maintenance, and other legitimate needs. Defendant's theft and embezzlement of Fire District funds for his own personal use was not only criminal, but also reveals a high level of arrogance on the part of the defendant who treated the Fire District's public coffers as his own

---

[1] Defendant failed to report the stolen and embezzled funds for tax purposes and, therefore, evaded a substantial portion of his income tax during those years as well.

personal piggy bank.  Needless to say, throughout that entire eight year period, defendant never attempted to pay any of the stolen funds back to the District.[2]

3.      Defendant's criminal conduct here was worse than simply stealing from the Fire District and depriving the citizens of his honest services and those substantial stolen funds.  To conceal his crimes, and to thwart the annual audits and financial reviews of the Fire District, defendant routinely destroyed District financial records, and directed the District's bookkeeper not to maintain receipts and bank statements.  Furthermore, defendant had full access to the District's computer based accounting records, and he would regularly access that system to change and backdate entries in order that his fraudulent transactions and criminal conduct would continue to go undetected.

4.      If the residents of the St. Clair Fire Protection District, and society as a whole, cannot rely upon and depend upon its public officials to properly carry out their duties and not abuse their position of trust, crimes will occur and society will be victimized, as it has been in this case. Looking at the nature and circumstances of defendant's offenses under any imaginable standard, this Court should view them as serious offenses, requiring an appropriately serious punishment to include a lengthy period of imprisonment within the United States Bureau of Prisons.

---

[2] The government understands that defendant has now obtained funds in order to make full, or close to full, restitution to the victim Fire District in this case.  While the Fire District will make appropriate use of these restitution funds going forward, restitution at this time cannot possibly make up for the harm caused by defendant's substantial theft and embezzlement of funds over the past eight (8) years.  The funds he stole during those years were not available then, when they were needed, and as a result the District suffered significantly.  Under these circumstances, the government submits that restitution should not form the basis for a downward variance from the guideline sentencing range.

5.     This Court's sentence should also afford adequate deterrence to criminal conduct, 18 U.S.C. 3553(a)(2)(B).  As stated previously, this defendant was a duly appointed Board Director, Treasurer, and ultimately Chief of the St. Clair Fire Protection District, charged with overseeing and running the operations of that public entity.  This Court should fashion a significant punishment not only to deter this defendant from future criminal conduct, but in order to deter other individuals in similar governmental positions from committing similar crimes.  Unfortunately, one need only look to the many recent prosecutions right here in the Eastern District of Missouri involving city and county officials to grasp the significance of these types of crimes to our society, and the need for adequate punishment to deter these type of defendants and others.  Some recent examples of embezzlement and fraud by city and county officials, to name just a few, include the City Administrator of Brentwood, Missouri, the Chairman of the St. Louis County Planning Commission, the City Clerk for Calao, Missouri, the County Collector for Schuyler County, Missouri, both the Mayor and Fire Chief of Kinloch, Missouri, employees of the St. Louis Treasurer's Office, and the Deputy Commissioner for Parks and the Chief of the Park Rangers for the City of St. Louis.  In their positions of trust, individuals like the defendant are given both access to the public coffers as well as supervision over those individuals responsible for insuring the proper use of those public funds. While the majority of like situated individuals carry out their duties and obligations in a legal and aboveboard fashion, some, like defendant, believe they can steal, embezzle, and defraud without facing any consequences if caught.  It is a risk they choose to take, and it is a risk that should result in significant consequences in order to provide an adequate deterrent effect. The government submits that a significant prison sentence in this case will have that desired deterrent effect.

6.      Defendant has an advisory guideline sentence under the United States Sentencing Commission Guidelines of 33-41 months in prison.  The government submits that there is absolutely no basis whatsoever in the law or the underlying facts and circumstances here that would justify a *downward* variance to a sentence less than the advisory guideline sentence.  It is the government's position that justice and fairness require a lengthy sentence of imprisonment in this case.  As a direct result of defendant's criminal conduct, the adverse impact upon the St. Clair Fire Protection District and the residents that rely upon the vital emergency services provided by that Fire District has been substantial.  This is *not* a victimless crime.  The moneys stolen by defendant to pay for his lavish vacations, jewelry, truck, and the like were intended for the operations of the Fire District and the residents living within that Fire District, including senior adults and children.  Our public officials should be held accountable for their criminal conduct by appropriate prison sentences; the victim residents deserve it, and fairness and justice require it.

7.      In fashioning an appropriate sentence here, this Court needs to have a full and clear understanding of the adverse impact defendant's criminal conduct has had on the victim Fire District.  Attached as Government Exhibit 1 to this Sentencing Memorandum are twelve (12) letters which articulate in a way that the undersigned cannot the truly substantial and harmful impact defendant's criminal conduct had upon the Fire District.  These letters describe defendant's deceit and greed, and the fact that the public's trust in the District has been shattered as a result of defendant's crimes.  They describe the budgetary issues suffered by the District as a result of defendant's criminal conduct which prohibited the District from hiring additional fire fighters, purchasing necessary equipment like radios, air packs, and new tires for the fire trucks, and making necessary repairs to District equipment.  And they describe how defendant's theft and embezzlement

forced the District to abandon plans for a retirement/pension program for its many volunteer firefighters who gave tirelessly of their time and energy in order to serve and protect the District's residents.

8.     Only a lengthy prison sentence will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses as is required by 18 U.S.C. 3553(a)(2)(A).

WHEREFORE, the United States of America prays that this Honorable Court sentence defendant to an appropriate term of imprisonment within the advisory guideline range, without a downward variance, and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


*s/Hal Goldsmith*
HAL GOLDSMITH #62501
Assistant United States Attorney
111S. 10th Street, Room 20.331
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Catherine L. Hanaway; Jeffrey B. Jensen.


/s/ Hal Goldsmith
HAL GOLDSMITH
Assistant United States Attorney

6